By the Court.—Curtis, J.
When transactions in another State come before the court for consideration, in the absence of evidence as to what is the law in the State where they occurred, the court will assume that the law affecting them is the same in the State where they occurred, as it would be had they occurred in this State.
Consequently we must assume that the law touching this alleged sale to the plaintiff, by Lewis Piser, in Co *50 lumbia, S. C., is the same as our own law would be in respect to a similar transaction here. If the sale was made in Columbia with a fraudulent purpose as to the creditors, the same rules are to be applied to its consideration that would govern here.
When we consider the relationship, and the intimacy between Piser and the plaintiff; the order of the transactions and their dates ; the confession of the judgment to the plaintiff in Hew York, October 30th, just as he had completed his purchase in Hew York ; the confession of the judgment in Columbia to the plaintiff, Hovember 8, just as the goods had fairly arrived there ; .the alleged sale of them to the plaintiff, Hovember 10 and 12 ; the removal of them, at Piser’s request, at an unusual hour in the morning from Piser’s store, Piser paying the freight and insurance back to Hew York; the inadequacy of price paid for them by plaintiff; the variance between plaintiff’s statements and the express receipt; the concealment of three of the cases in Bayard Street on their arrival here; it is impossible to say that the plaintiff’s case is not one where the jury might have reasonably arrive at the conclusion that the sale was made with intent to defraud creditors, that the plaintiff had knowledge of it, and that no title passed to him by the sale.
The charge seems to indicate that the learned judge believed the alleged sale never had been made as stated. He instructs the jury that if the plaintiff was the owner of the goods in question at the time the levy was made by the sheriff, that if they found the goods were sold to him at that time, he was entitled to their verdict. But he refused to charge that, if the object and purpose of this transfer by the parties to it was to hinder or delay or defraud the creditors of Lewis Piser, the transfer was void, and the plaintiff could not recover. He also refused to charge that if the purpose and object of the parties in the transfer to the plaintiff was to hinder or *51 delay or defraud the other creditors of Lewis Piser, then the fact that there may have been an indebtedness to the plaintiff, as a payment of money by him on account of the purchase, would not enable the plaintiff to hold the goods as against the defendant in this case acting under the attachments.
It is quite possible the jury may have been misled, by the refusal of the learned judge so to charge, under the circumstances of the case, and supposed that his refusal so to charge was in effect an instruction to them to the contrary.
If they have been misled, it is but just to the defendant that there should be a new trial.
I think the judgment and order appealed from should be reversed, and a new trial granted, with costs to defendant to abide the event.